UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TERESE EBONY JONES ) | |
| *Jesus Christ Son of God; Servant Disciple*, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 1:25-cv-02668 (UNA) |
| v. ) | |
| ) | |
| SATAN ) | |
| *God of this world*, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

This matter is before the Court on its initial review of Plaintiff's *pro se* Complaint ("Compl."), ECF No. 1, and Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2. The Court grants the IFP Application, and for the reasons discussed below, dismisses this case without prejudice.

Plaintiff, who purports to bring this matter on behalf of Jesus Christ, sues Satan, and approximately 35 other defendants, including, but not limited to, federal and state agencies and officials, corporations, religious leaders, and other individuals. *See* Compl. at 1, 6–9. Her prolix Complaint totals 469 pages. *See generally id*. It consists of rambling allegations predicated on her belief that she has been the victim of a conspiracy executed by occult-related "soldiers of Satan," *see id*. at 12, who "cast a spell" on her, "implanted a demon" in her body, and took her "to the bottom of the marine kingdom in the water where snakes and eggs" were also placed in her person, *see id*. at 11. She asks the Court to "protect" her life and to "let the people of God go from the control of satanism, occultism, and voodooism," estopping the "these hand-picked pastors of perdition, bishops of bad behavior, apostle of apostasy and trash talking teachers from the halls of

hell installed in the synagogue of Satan masquerading as Christian churches, agencies and business." *Id*. at 15.

The Court cannot exercise subject matter jurisdiction over Plaintiff's Complaint.  *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins.").  As here, a court shall dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi v. Holland*, 655 F.2d 1305, 1307–08 (D.C. Cir. 1981); *see* 28 U.S.C. § 1915(e)(2)(B)(i).

For these reasons, the Complaint, ECF No. 1, and this case, are dismissed without prejudice.  Plaintiff's other pending Motions, ECF Nos. 3, 5, 6, 8, 9, 10, and 11, are all denied as moot.  A separate Order accompanies this Memorandum Opinion.

Date: November 14, 2025

TREVOR N. McFADDEN
United States District Judge